**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nancy Marleni Daun,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Bob's Discount Furniture, LLC,<br><br>                              Defendant. | 2:25-cv-06513<br>(NJC) (LGD) |

## ORDER TO SHOW CAUSE

NUSRAT J. CHOUDHURY, United States District Judge:

On November 24, 2025, Defendant Bob's Discount Furniture, LLC filed a Notice of

Removal purporting to remove an action pending in the Suffolk County Supreme Court, initiated

by Plaintiff Nancy Marleni Daun for negligence arising out of alleged injuries received while on

property leased and operated by Defendant (Not. Removal, ECF No. 1; *see also* Compl., ECF

No. 1-1.) The Notice of Removal asserts that this Court has diversity jurisdiction under 28

U.S.C. § 1332. (Not. Removal ¶¶ 3–4.)

The Court has reviewed the Notice of Removal and the underlying Complaint and has

determined that Defendant has failed to establish that this Court possesses diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a). For the reasons set forth below, Defendant must show cause by

**February 27, 2026**, in writing, with all material facts established by sworn affidavit, why this

Court should not remand this case for lack of subject matter jurisdiction.

## LEGAL STANDARDS

This Court has an independent obligation to determine whether subject matter jurisdiction

exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)." [F]ailure of subject

matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

"[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

And "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

"[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

"A defendant removing a personal injury or wrongful death action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that." *Minaudo v. Sunrise at Sheepshead Bay*, No. 22-cv-

3

2579, 2023 WL 110359, at *2 (E.D.N.Y. Jan. 5, 2023). "While the complaint in such an action 'shall not state the amount of damages' sought, N.Y. C.P.L.R. 3017(c), a defendant 'may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled,' . . . Should the plaintiff fail to serve that demand 'within fifteen days,' the state court 'may order that it be served.'" *Id.*

"[S]ettlement demands generally are not reliable indicators of the amount in controversy . . . Indeed, 'settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages.'" *Elzoghary v. Zelaya-Monge*, No. 23-cv-5353, 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (internal citations omitted). "'[While] some courts have considered settlement demands in determining the amount in controversy, they have done so with caution,' warning that '[a] settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy.'" *Id.* "As such, courts considering settlement demands made prior to removal have viewed such offers as 'only one factor to consider in assessing the amount in controversy,' explaining that 'courts must consider the context in which such a settlement demand was made.'" *Id.*

## DISCUSSION

The Notice of Removal properly establishes that Defendant Bob's Discount Furniture, LLC is a citizen of Delaware and Connecticut. *See* Not. Removal ¶ 4 (alleging that BDF Acquisition Corp. is the sole member of Defendant and that "BDF Acquisition Corp. is incorporated in the State of Delaware with its principal place of business of 434 Tolland Turnpike, Manchester, Connecticut 06040."); *see also Carter*, 822 F.3d at 60 ("[T]he citizenship of a limited liability company is determined by the citizenship of each of its members."); *Bayerische Landesbank*, 692 F.3d at 48 (holding "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business").

4

However, the Notice of Removal fails to establish that the court has jurisdiction under 28 U.S.C. § 1332(a) for the following reasons.

First, the Notice of Removal does not establish that the amount in controversy exceeds $75,000. The Notice of Removal cites a November 20, 2025 email from Plaintiff's counsel alleging that the amount in controversy is $2,200,000. (Not. Removal ¶ 5; ECF No. 1-3.) However, neither the November 20, 2025 email nor the Notice of Removal nor any of its exhibits provide any context or justification regarding *why* the amount in controversy is $2,200,000, such as any costs incurred by Plaintiff for any alleged injuries. The Complaint is a five-page document that generally alleges that Plaintiff seeks damages for personal injuries arising from a slip and fall without describing any injuries or related expenses. (*See* Compl.) It further alleges that "Plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction," which in New York is $20,000. (Compl. at 9; N.Y. Const. Art. VI, § 11(a).) Plaintiff served Defendant with a verified bill of particulars, which asserts that Plaintiff tripped and fell on a rug and that Plaintiff sustained injuries to her shoulders, knees, wrists, and left elbow, but does not specify damages. (*See* ECF No. 1-4.) The parties exchanged demands for discovery, inspection, and affirmative defenses, but none of the documents provided specify a damages amount either.[1] (*See id.*) Defendant's demands do not include a demand for a specified damages amount, nor does it appear that Defendant served any other demand pursuant to N.Y. C.P.L.R. 3017(c). (*See id.*) Rather, Defendant asked Plaintiff for an "amount in controversy, so this matter can be removed to federal court" and Plaintiff responded, "the amount in controversy is $2,200,000." (ECF No. 1-3

---

[1] While Plaintiff's Verified Bill of Particulars describes "Special Damages" incurred and attaches supporting documentation, such documentation is not included in Defendant's filing.

at 2.) Accordingly, Defendant has not "demonstrate[d] a 'reasonable probability'" that the amount in controversy requirement is satisfied here. *Pyskaty*, 856 F.3d at 223.

Second, the Notice of Removal fails to include sufficient facts demonstrating complete diversity of the parties because it fails to establish the citizenship of Plaintiff Nancy Marleni Daun. The Notice of Removal states, "plaintiff is a citizen of and currently domiciled in the State of New York," and cites to paragraph 1 of the Complaint. (*See* Not. Removal ¶ 4.) However, paragraph 1 of the Complaint alleges only that Plaintiff "was and continues to be a resident of the County of Suffolk, State of New York." (Compl. ¶ 1; ECF No. 1-1 at 4 (setting forth her New York residential address in the summons).) However, Plaintiff's residence, standing alone does not establish that she is domiciled in New York. *See Van Buskirk*, 35 F.3d at 54.

Accordingly, Defendant has not established either that the amount in controversy exceeds $75,000 or that there exists complete diversity between the parties as required for jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

For the reasons set forth above, Defendant must show cause by **February 27, 2026**, in writing, through sworn affidavit, why this Court should not remand this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum.

If Defendant does not respond by **February 27, 2026**, or if its response does not show that the Court has subject matter jurisdiction over this action, this action will be remanded to Suffolk County Supreme Court for lack of subject matter jurisdiction.

Dated: Central Islip, New York
February 13, 2026

   */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

6